Good morning. May it please the Court, my name is Quinlan Steiner. I represent Mr. Thompson in this matter. This is a case that has presented itself for an indictment of one event and evidence and instruction that permitted and resulted in a conviction for another incident. This raises several claims of error, but it all stems from the Court's instruction and the Government's presentation of the case. First and foremost, the amendment resulted in a constructive amendment. Mr. Thompson was charged with possessing a gun during a traffic stop. Why wasn't this issue already decided on direct appeal? The prior panel said there was overwhelming evidence that Thompson did possess the pistol on March 22. So I don't see why law of the case doesn't apply to preclude this particular claim. There are two reasons why the law of the case doctrine doesn't apply. The case, the prior panel dispensed with it on prejudice grounds. The constructive amendment claim doesn't require a review of prejudice. Once it's determined that there's a constructive amendment, reversal is automatic. So it was raised, they decided on prejudice grounds, but failed to actually reach the ultimate issue on the constructive amendment claim. As a secondary matter, that finding and that decision was clearly erroneous for two reasons. One, there wasn't overwhelming evidence and that's clear. By definition, the evidence from the traffic stop itself is insufficient as a matter of law. There requires additional evidence to establish the ownership of the gun. The gun was found underneath the seat. Nobody claimed ownership and the driver of the car was known to possess weapons under the seat of his car. As another matter, that's not the standard that they should apply. What they did when they said there was overwhelming evidence was look to prejudice under a view that it was, that Mr. Thompson had failed to establish that he wasn't convicted for that event. And that's not what the standard of reversal requires. Can I ask, was it contested that the gun on the March 20th, in the March 20th photo, was that the same gun that he was found with on March 22nd? That was conceded, but it was argued by the government. What was conceded by Mr. Thompson was that he possessed a gun. That was conceded in the argument. He didn't concede that it was his gun and there was little discussion, I think, from the defense on whether or not it was the same gun. I mean, this is what the problem in the case is. There was no defense explored or presented with respect to the March 20th incident. And counsel went into this case thinking it was really exclusively about the 22nd and went so far as to admit that. But why was that wrong? I mean, the counsel could have argued to the jury that on or about March 22nd does not include March 20th. And if that's correct, then, you know, Mr. Thompson could have prevailed. That's part of the problem. So the defense lawyer committed ineffective assistance at counsel, you know, as a secondary argument, by conceding that and failing to request instruction. I mean, once the jury said, can we convict him, we've concluded that he possessed it on the 20th, can we convict him of that, the clear answer should have been no, you must deliberate on the 22nd. And the 20th evidence is only relevant to establish ownership of the gun to the extent that it has something to say about the March 22nd event, the traffic stop. Why is that true as a matter of law? Isn't it a factual question on what's on or about March 22nd? In this case, no. That's what creates the problem. On or about contemplates a single incident, the date of which is unknown. And here you have two separate incidents. That seems to be a factual matter. It's a legal matter in this sense. You can't charge somebody and indict them for something that happened on the 22nd and then present a body of evidence with respect to that and then turn around and convict them for something else. I mean, under that reading and what the government is suggesting is you can indict somebody for something that occurs on the 22nd, present no evidence of anything that occurred on the 22nd, exclusively focus on the 20th, and get a conviction. And that's what presents the problem here, double jeopardy, notice, and a grand jury requirement. None of that was met. And this goes back to why you can just re-decide the issue from what the other panel did. But you were free to argue and indeed did argue to the jury that it's not the same day. And so why doesn't that address? The jury can look at it and decide, okay, no, these are different dates. It's not the same. We don't think it's close enough to be covered by a bout. That was an argument that could be made and was made. Why isn't that adequate? The defense's failure to argue that and require either an instruction that says you have to convict, deliberate on the 22nd, you cannot deliberate or convict on the 20th. That's what creates the problem. Well, I mean, he didn't get an instruction on that, but he urged the jury, like, don't look at the 20th. Your job is to figure out what happened on the 22nd. Yes, the defense was focusing on the 22nd, but the jury had come in and said, but that was before the jury indicated that they were going to convict for the 20th. They came in and said he was clearly in possession of the gun. Do we need to even consider anything about the 20th? What the court should have done and what the defense lawyer should have done is said, absolutely, you need to deliberate on the 22nd and should have further asked for a limiting instruction. As the court noted, that those photographs from the 20th were only submitted into evidence to show ownership and, you know, have some relevance to whether or not he was in possession, which was clearly a problem for the government because of the fact that the driver was known to carry weapons under the front seat of his car. And what would have been the legal basis for an instruction? I mean, essentially, you're saying the court should have instructed that, you know, on or about March 22nd does not include March 20th. What would the legal basis for that instruction have been? Because that's what he was indicted for. The 20th was a completely separate incident. Well, the 20th is about the 20th. I mean, like, clearly the 21st and the 23rd, like, have to be about the 22nd, if about means anything. So why isn't the 20th? If the question had been what was the date that he possessed the gun in the photographs, 22nd, 20th, it wouldn't have mattered. It's two separate incidents that create the problem. The key difference between a discussion about reasonably near and a discussion about variance, which ultimately becomes a constructive amendment, is the fact that there are two separate incidents that require two separate sets of facts. And how do we know they're two separate incidents? I mean, if he's ‑‑ it's a continuing offense to possess the weapon, right? In the absence of evidence that there was, you know, he had it and then he gave it to somebody else and then he got it back, you know, that would be two separate incidents of possession. But if he's just ‑‑ he was just keeping it for some period of time. Well, that was disputed. The whole defense was constructed around the idea that it was the driver's gun, that he had caught a ride that same day and it was found under his seat. The pictures were a separate incident where they were all hanging out. And as the record establishes ‑‑ And that's precisely why I struggle to understand your theory of ineffective assistance of counsel because the photo, it shows what it shows. And so counsel had crafted a defense based on the fact that he was there just momentarily posing with somebody's gun and that he, in fact, did not possess the gun on March 22. That seemed very reasonable based on the facts of the case. So the error, as I understand your argument, is in failing to secure the instruction. But given that the indictment charges on or about, I'm not sure what case law would have compelled the court to give such an instruction had one been asked. Well, I think Ford and Sina Hijini create that. I mean, those cases, to say, you're dealing with two separate incidents. His ineffectiveness occurred in two ways. One, which is he failed to request an instruction. I mean, he failed to object to the instruction that was given. I mean, the court said, yeah, go ahead and convict him of the 20th. I mean, that's essentially what the judge said when he didn't resolve the question. The second claim of error with regard to the trial attorney's ineffective assistance is by admitting it on the 20th. If you interpret reasonably near to cover the 20th that he could exclusively be convicted for evidence on the 20th, then he committed ineffective for having admitted that. Like he presented no defense. His assumption going into this case was he could not be convicted of that. There was no other reason for him to admit that fact. Do we know if evidence of his possession on March 20th was presented to the grand jury? There's no indication in the record that it was, and I don't think there's any indication from the government's briefing that it was. I'm not at silent, and I think in that circumstance, you must assume in the record that it's not been presented. And there was no indication in anything that the government had alleged that the 20th was part of its case in chief. Did you want to save a little bit of time for rebuttal? Yeah, I would if you don't have any other questions. I'll add a couple of minutes to the clock for rebuttal. Thank you. Thank you, Your Honors. May I please the court? My name is Yuna Chung, and I'm a prosecutor for the District of Alaska. As the previous Ninth Circuit panel decided on direct appeal, there was overwhelming evidence that the defendant, Mr. Thompson, possessed the gun on March 22nd, the day he was pulled over. The gun was found under his seat. He was the only one in the court who had ready access to that gun. He lied three times about what his name was until law enforcement confirmed it by looking at his identification card. And, of course, there are photographs of him with that gun, possessing that gun, just two days earlier. So the government's theory at trial was that that is the exact same gun? Yes, it was. The government showed pictures of the gun that the defendant posed with, as well as the actual gun, and did a point-by-point comparison as to how these were two similar, the two same guns. And, apparently, the jury believed that they were the same gun. Can I ask, suppose that you had not had the March 20th picture, right? Okay, so the trial goes, you just have the traffic stop evidence, and suppose he's acquitted. And after he's acquitted, you find the March 20th picture. Do you think you could get an indictment and prosecute him for the March 20th possession? Well, going back to— Or would double jeopardy bar that? Right. I think double jeopardy would preclude that. That is why the indictment states March 22nd, the March 22nd date, instead of listing count one as being the March 20th possession and count two being the March 22nd possession. That is something the government cannot do. And speaking of the grand jury, the evidence of the gun, his possession of the gun on the 20th, was presented to the grand jury to clarify that fact. And during trial, the prosecution focused on the March 22nd possession. The previous panel, deciding that there was no variance by necessarily implication, decided that there was also no constructive amendment here. The defense argued that the Ninth Circuit, the previous panel, engaged in a prejudice analysis. But this was not a prejudice analysis. The Ninth Circuit did not say, well, maybe there was a variance, but there was no harm. That is not the decision of the previous panel. The decision was that there was no variance in the first place. Why? Because there was overwhelming evidence that the defendant possessed the gun on March 22nd, the date that he was indicted for this offense. Can I just ask you to elaborate on your answer to the double jeopardy hypothetical? Is the reason that double jeopardy would bar that second prosecution because the indictment said honor about, or because it's one continuous possession and it's the same offense, or is it some other? It's for the same reason, Your Honor. The honor about, the question might be an open question. The Ninth Circuit asked whether honor about encompasses March 20th. But we have Sixth and Eighth Circuit law that clearly states that the honor about language would encompass the earlier possession under very analogous circumstances. So the honor about language encompasses the earlier possession. Also, possession, the nature of the crime of possession is a continuous course of conduct, not an act, as this Court has held. It's different from robbing one bank on one day and robbing a different bank on another day and the indictment charging one single offense. By nature of the crime itself being a continuous possession, that's why the March 20th date would be encompassed in that indictment. So given if that's the case, how come it's not ineffective assistance of counsel if defense counsel conceded that he possessed it on March 20th? Because that's all you needed. That's all the government needed. What else could the defense counsel have done? He was posing with the gun. He clearly possessed it. And like Your Honor has said, the defense counsel went with the argument, but he did not possess it on the 22nd. And given that this is an open question, whether the March 20th possession is encompassed in the 22nd date, it would not be ineffective assistance of counsel for trial counsel to try and argue that you should focus on the March 22nd possession. He had and even assuming that it was an error, which it really was not, the result of the process would not have been different. The second prong of the ineffective assistance counsel analysis, because the March 22nd possession was supported by overwhelming evidence. And if you decide that the March 20th. Well, under chronic, I don't know if you're real, they said that you don't even need prejudice if it's so deficient. Why? In this case, if you concede he owned it on March 20th, that's a conviction right there. So why is that not? So under chronic, you don't even need to look at prejudice. So the defense counsel could have hoped for the jury to focus on the 22nd and to ask for the honor about language to have decided factually that the 20th is not included. That's what the defendant legitimately could have argued for. And that's what they did. And that is not ineffective assistance. The fact that the jury came back, we don't know what the jury was thinking. But the fact that he was convicted does not mean that there was ineffective assistance here by focusing on the March 22nd possession. And so since the prior Ninth Circuit panel decided that, explicitly decided that there was no variance in the first place, it decided by necessary implication that there was no constructive amendment. And the defense makes the argument that the law of the case doctrine, the way the district court applied it, should be reviewed de novo and not for abuse of discretion. But the abuse of discretion is the correct standard. The court is not being asked to reconsider the previous panel's decision. It is being asked to decide whether the district court properly applied the law of the case doctrine. If anything, the ruling of a higher court would carry even more weight than a district court in terms of applying the law of the case doctrine. As for trial counsel being ineffective, he did not agree to a jury instruction that the jury could find the defendant guilty based solely on the March 20th possession. He said that that could potentially result in a variance. So he was cognizant of that concern. So, and the meaning of on or about is something that appellate courts have been debating. And we are debating right here. So for the fact that trial counsel decided that the jury might find that the March 20th date is not encompassed by that instruction was not an effective assistance at that stage. May I ask you, if you know, in your district, is it the practice always to put on or about with respect to the dates and indictments? Or do you do it sometimes? Or when do you do it? When it's absolutely clear that it's that date, we would not use on or about. But on the most part, it is difficult to be absolutely positive about the date. So we would use that on or about language on most indictments. Well, here, I mean, your theory was that it was, you know, you found him with the gun in a traffic stop. Or you say that he had the gun in the traffic stop. There wasn't any doubt about when the traffic stop took place. So why would you have included that? Right. But prosecution also knew that there were photographs from March 20th that shows that he possessed the gun. And that was something the prosecution was well aware of and presented to the grand jury. So the on or about date in that instant would encompass the 20th, the possession of the 20th, the possession on the 21st, or the possession on the 22nd. And, of course, appellate counsel was also not ineffective in not apprising the appellate court of this concession by the trial counsel. Appellate court knew or was privy to that information. And, of course, the appellate panel was addressing the question of whether there was a variance. And the question of a variance is, was Mr. Thompson convicted of the March 22nd possession? And if he was not, and he was instead convicted for a different possession, a separate possession, then that's a variance. So that was the question before the previous panel. So whether trial counsel conceded that there was possession on the 20th actually is immaterial to the question of whether he was convicted for his possession on the 22nd. And, again, the prior panel found that there was overwhelming evidence that the defendant was convicted of his possession on March 22nd. And that is the rule, the case, the law of the case. All right. Thank you, counsel. Thank you. The government, for now, now for the first time, is arguing that those photographs were presented to the grand jury. That wasn't presented in any of the briefs, and there's anything in the record that I saw that indicated that that's true. This case morphed once those questions came back from the jury. The jury walked in and said, he's clearly in possession on the 20th. Why do we even need to consider him from the 22nd? And the court essentially said, you can convict him for the 20th. The course of conduct that the government is alleging was never established. It was a disputed fact through the trial that Mr. Thompson owned the gun. The claim at trial was that the driver owned the gun and that he was in that hotel room with the driver and his friends showing off his schwag, like he was posing with the gun and texting it to his friends because he had met up with these folks who had guns and money and drugs. That is a new claim that this had been presented as part of the grand jury's theory. In this case, Mr. Thompson was not given notice that that was even going to be on the table. That's why his trial attorney conceded it. His trial attorney went into the trial thinking it can only be the 22nd. So his concession, if you determine reasonably near to include the 20th and the conduct of the 20th, is per se ineffective. It's per se reversible error. The prior panel viewed this variance and the trial court viewed this variance as an issue. You can't convict somebody for something that happened on one day when you've indicted them for what happened on another day. They just applied the wrong standard of reversal. It wasn't Thompson's burden to prove that he was convicted on that day. His burden was to show that there was a variance or a constructive amendment. That is a necessary question you have to answer first. You can't skip the prejudice in this particular type of claim because of that problem. There's no prejudice to analyze unless you've looked to see whether or not there's a variance. The variance analysis requires to look at what is the impact of those instructions with respect to notice and double jeopardy. And when that creeps into the point where you're saying, oh, and the grand jury didn't look at it, then you have a constructive amendment. And that's what occurred in this case. All right. Thank you very much, counsel, both sides for your argument. The matter is submitted.
judges: NGUYEN, MILLER, BUMATAY